William P. Deni, Jr.
Charles H. Chevalier
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500
Fax: (973) 596-0545

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VALEANT PHARMACEUTICALS NORTH AMERICA LLC; VALEANT PHARMACEUTICALS IRELAND LTD.; DOW PHARMACEUTICAL SCIENCES, INC.; and KAKEN PHARMACEUTICAL CO., LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>CIPLA LTD. and CIPLA USA INC.,<br><br>Defendants. | Civil Action No. 18-14225<br><br>*Document Electronically Filed* |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Valeant Pharmaceuticals North America LLC ("Valeant"), Valeant Pharmaceuticals Ireland Ltd. ("Valeant Ireland"), Dow Pharmaceutical Sciences, Inc. ("Dow"), and Kaken Pharmaceutical Co., Ltd. ("Kaken") (collectively, "Plaintiffs") by way of this Complaint against Cipla Ltd. ("Cipla India") and Cipla USA Inc. ("Cipla USA") (collectively, "Cipla") allege as follows:

**THE PARTIES**

1.     Plaintiff Valeant is a limited liability company organized and existing under the

1

laws of Delaware having its principal place of business at 400 Somerset Corporate Boulevard, Bridgewater, New Jersey 08807.

2.      Plaintiff Valeant Ireland is a company existing under the laws of Ireland having an office at 3013 Lake Drive, Citywest Business Campus, Dublin 24, Ireland.

3.      Plaintiff Dow is a corporation organized and existing under the laws of Delaware having its principal place of business at 1330 Redwood Way, Petaluma, California 94954.

4.      Plaintiff Kaken is a corporation organized and existing under the laws of Japan having its principal place of business at 20th Floor, Bunkyo Green Court, 28-8, Honkomagome 2-chome, Bunkyo-ku, Tokyo 113-8650, Japan.

5.      Upon information and belief, Cipla India is an Indian corporation having a principal place of business at Cipla House, Peninsula Business Park, Ganpatrao Kadam Marg, Lower Parel, Mumbai 400013, India.

6.      Upon information and belief, Cipla USA is a Delaware corporation that is establishing its headquarters at 10 Independence Boulevard, Warren NJ 07059.

7.      Upon information and belief, Cipla USA is the United States wholly owned subsidiary of Cipla India.

**NATURE OF THE ACTION**

8.      This is an action for infringement of United States Patent Nos. 7,214,506 ("the '506 patent"), 8,039,494 ("the '494 patent"), 8,486,978 ("the '978 patent"), 9,302,009 ("the '009 patent"), 9,566,272 ("the '272 patent"), 9,662,394 ("the '394 patent"), 9,861,698 ("the '698 patent") and 9,877,955 ("the '955 patent") arising under the United States patent laws, Title 35, United States Code, § 100 et seq., including 35 U.S.C. §§ 271 and 281.  This action relates to Cipla India's filing of an Abbreviated New Drug Application ("ANDA") under section 505(j) of

the Federal Food, Drug, and Cosmetic Act ("the Act"), 21 U.S.C. § 355(j), seeking U.S. Food and Drug Administration ("FDA") approval to market its generic efinaconazole topical solution, 10% ("Cipla's generic efinaconazole topical solution").

**JURISDICTION AND VENUE**

9.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 2201-02.

10.      Upon information and belief, this Court has jurisdiction over Cipla India.  Upon information and belief, Cipla India is in the business of, *inter alia*, developing, manufacturing, marketing, importing, and selling pharmaceutical products, including generic drug products. Upon information and belief, Cipla India directly, or indirectly, develops, manufactures, markets, and sells generic drug products throughout the United States and in this judicial district, and this judicial district is a likely destination for Cipla's generic efinaconazole topical solution.  Upon information and belief, Cipla India purposefully has conducted and continues to conduct business in this judicial district. Upon information and belief, Cipla India has previously submitted to the jurisdiction of this Court and has further previously availed itself of this Court by asserting counterclaims in other civil actions initiated in this jurisdiction.

11.      Cipla India has taken the costly, significant step of applying to the FDA for approval to engage in future activities—including the marketing of its generic drugs—that will be purposefully directed at, upon information and belief, the New Jersey and elsewhere. Cipla India's ANDA filings constitute formal acts that reliably indicate plans to engage in marketing of the proposed generic drugs. Upon information and belief, Cipla India intends to direct sales of its drugs into New Jersey, among other places, once it has the requested FDA approval to market them. Upon information and belief, Cipla India will engage in marketing of its proposed ANDA

3

products in New Jersey upon approval of its ANDA.

12.     Upon information and belief, this Court has jurisdiction over Cipla USA.  Upon information and belief, Cipla USA is in the business of, *inter alia*, developing, manufacturing, marketing, importing, and selling pharmaceutical products, including generic drug products. Upon information and belief, Cipla USA directly, or indirectly, develops, manufactures, markets, and sells generic drug products throughout the United States and in this judicial district, and this judicial district is a likely destination for Cipla's generic efinaconazole topical solution.  Upon information and belief, Cipla USA purposefully has conducted and continues to conduct business in this judicial district. Upon information and belief, Cipla USA is establishing its headquarters at 10 Independence Boulevard, Warren NJ 07059.  Upon information and belief, Cipla USA has previously submitted to the jurisdiction of this Court and has further previously availed itself of this Court by asserting counterclaims in other civil actions initiated in this jurisdiction.

13.     Upon information and belief, Cipla has previously availed itself of this Court by asserting counterclaims in civil actions initiated in this jurisdiction.  *See, e.g.*, *Astrazeneca AB, et al. v. Cipla Ltd. and Cipla Pharms., Inc.*, No. 1:16-cv-09583, ECF No. 8 (D.N.J. Feb. 3, 2017); *The United States Department of Health and Human Services, et al. v. Cipla Ltd. and Cipla Pharms., Inc.*, No. 2:14-cv-5135, ECF No. 6 (D.N.J. Sept. 26, 2014); *Janssen Prods., L.P., et al. v. Cipla Ltd. and Cipla Pharms., Inc.*, No. 2:14-cv-5093, ECF No. 9 (D.N.J. Sept. 10, 2014).

14.     Cipla India and Cipla USA know or should know that Jublia[®] is manufactured for Valeant Pharmaceuticals North America LLC in Bridgewater, NJ 08807 USA at least because that information is included in the label and prescribing information for Jublia[®].

15.     Upon information and belief, venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and (d), and § 1400(b).

16.    Venue is proper against Cipla India, a foreign corporation, in any judicial district that has personal jurisdiction, including this judicial district.

17.    Venue is proper against Cipla USA because, *inter alia*, it maintains a regular and established place of business in this judicial district.

## THE PATENTS IN SUIT

18.    The United States Patent and Trademark Office ("PTO") issued the '506 patent on May 8, 2007.  The '506 patent claims, generally speaking, *inter alia*, methods for treating onychomycosis by administering efinaconazole.  Plaintiffs hold all substantial rights in the '506 patent and have the right to sue for infringement thereof.  The '506 patent is valid and enforceable.  A copy of the '506 patent is attached hereto as Exhibit A.

19.    The PTO issued the '494 patent on October 18, 2011.  The '494 patent claims, generally speaking, *inter alia*, methods for treatment of a disorder of the nail or nail bed by applying pharmaceutical compositions consisting essentially of a vehicle that is volatile and/or that rapidly penetrates a nail following application onto the surface of the nail, a triazole antifungal active pharmaceutical ingredient (encompassing efinaconazole) and a wetting agent. Plaintiffs hold all substantial rights in the '494 patent and have the right to sue for infringement thereof.  The '494 patent is valid and enforceable.  A copy of the '494 patent is attached hereto as Exhibit B.

20.    The PTO issued the '978 patent on July 16, 2013.  The '978 patent claims, generally speaking *inter alia*, pharmaceutical compositions consisting essentially of a vehicle that is volatile and/or that rapidly penetrates a nail following application onto the surface of the nail, a triazole antifungal active pharmaceutical ingredient (encompassing efinaconazole) and a wetting agent.  Plaintiffs hold all substantial rights in the '978 patent and have the right to sue for

infringement thereof.  The '978 patent is valid and enforceable.  A copy of the '978 patent is attached hereto as Exhibit C.

21.    The PTO issued the '009 patent on April 5, 2016.  The '009 patent claims, generally speaking, *inter alia*, pharmaceutical compositions for the topical treatment of a disorder of the nail or nail bed including efinaconazole, ethanol, cyclomethicone, diisopropyl adipate, C12-15 alkyl lactate and antioxidant.  Plaintiffs hold all substantial rights in the '009 patent and have the right to sue for infringement thereof.  The '009 patent is valid and enforceable.  A copy of the '009 patent is attached hereto as Exhibit D.

22.    The PTO issued the '272 patent on February 14, 2017.  The '272 patent claims, generally speaking, *inter alia*, methods for the treatment of onychomycosis by topically applying pharmaceutical compositions including efinaconazole, ethanol, diisopropyl adipate, C12-15 alkyl lactate and cyclomethicone.  Plaintiffs hold all substantial rights in the '272 patent and have the right to sue for infringement thereof.  The '272 patent is valid and enforceable.  A copy of the '272 patent is attached hereto as Exhibit E.

23.    The PTO issued the '394 patent on May 30, 2017.  The '394 patent claims, generally speaking, *inter alia*, compositions including efinaconazole, water, C12-15 alkyl lactate, diisopropyl adipate, cyclomethicone, ethanol, BHT, a salt of EDTA, and citric acid, and methods of treating a fungal infection with the same compositions.  Plaintiffs hold all substantial rights in the '394 patent and have the right to sue for infringement thereof.  The '394 patent is valid and enforceable.  A copy of the '394 patent is attached hereto as Exhibit F.

24.    The PTO issued the '698 patent on January 9, 2018.  The '698 patent claims, generally speaking, *inter alia*, pharmaceutical formulations comprising ethanol, cyclomethicone, diisopropyl adipate and mixed C12-15 alkyl lactates, and methods for the treatment of a disorder

of the nail or nail bed by applying the same compositions.  Plaintiffs hold all substantial rights in the '698 patent and have the right to sue for infringement thereof.  The '698 patent is valid and enforceable.  A copy of the '698 patent is attached hereto as Exhibit G.

26.    The PTO issued the '955 patent on January 30, 2018.  The '955 patent claims, generally speaking, *inter alia*, methods for the treatment of onychomycosis by applying a pharmaceutical composition including efinaconazole, ethanol, diisopropyl adipate, C12-15 alkyl lactate and cyclomethicone.  Plaintiffs hold all substantial rights in the '955 patent and have the right to sue for infringement thereof.  The '955 patent is valid and enforceable.  A copy of the '955 patent is attached hereto as Exhibit H.

26.    Dow is the holder of New Drug Application ("NDA") No. 203567 for Jublia®, which the FDA approved on June 6, 2014.  In conjunction with NDA No. 203567, the '506 patent, the '494 patent, the '978 patent, the '009 patent, the '272 patent, the '394 patent, the '698 patent, and the '955 patent are listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book").

27.    Efinaconazole topical solution, 10% is sold in the United States under the trademark Jublia®.

**CIPLA'S INFRINGING ANDA SUBMISSION**

28.    Upon information and belief, Cipla India filed or caused to be filed with the FDA ANDA No. 212111, under Section 505(j) of the Act and 21 U.S.C. § 355(j).

29.    Upon information and belief, Cipla India's ANDA No. 212111 seeks FDA approval to sell in the United States Cipla's generic efinaconazole topical solution, intended to be a generic version of Jublia®.  Upon information and belief, Cipla USA intends to market Cipla's generic efinaconazole topical solution in the United States.

30.     Dow received a letter dated August 10, 2018 from Cipla India purporting to be a Notice of Certification for ANDA No. 212111 ("Cipla's notice letter") under Section 505(j)(2)(B)(i)-(iv) of the Act, 21 U.S.C. § 355(j)(2)(B)(i)-(iv) and 21 C.F.R. § 314.95(c) that included a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV).

31.     Cipla's notice letter alleges that Cipla India has submitted to the FDA ANDA No. 212111 seeking FDA approval to sell Cipla's generic efinaconazole topical solution, intended to be a generic version of Jublia®.

32.     Upon information and belief, ANDA No. 212111 seeks approval of Cipla's generic efinaconazole topical solution that is the same, or substantially the same, as Jublia®.

## COUNT I AGAINST CIPLA

### Infringement of the '506 Patent under § 271(e)(2)

33.     Paragraphs 1-32 are incorporated herein as set forth above.

34.     Under 35 U.S.C. § 271(e)(2), Cipla has infringed at least one claim of the '506 patent by submitting, or causing to be submitted to the FDA, ANDA No. 212111 seeking approval for the commercial marketing of Cipla's generic efinaconazole topical solution before the expiration date of the '506 patent.

35.     Upon information and belief, Cipla's generic efinaconazole topical solution will, if approved and marketed, infringe, either literally or under the doctrine of equivalents, at least one claim of the '506 patent.

36.     Upon information and belief, Cipla will, through the manufacture, use, import, offer for sale, and/or sale of Cipla's generic efinaconazole topical solution, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '506 patent.

37.     If Cipla's marketing and sale of its generic efinaconazole topical solution prior to

the expiration of the '506 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT II AGAINST CIPLA

### Declaratory Judgment of Infringement of the '506 Patent

38.     Paragraphs 1-37 are incorporated herein as set forth above.

39.     These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

40.     There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

41.     Cipla has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Cipla's generic efinaconazole topical solution before the expiration date of the '506 patent, including Cipla's filing of ANDA No. 212111.

42.     Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's generic efinaconazole topical solution will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '506 patent.

43.     Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's generic efinaconazole topical solution will constitute infringement of at least one claim of the '506 patent.

## COUNT III AGAINST CIPLA

### Infringement of the '494 Patent under § 271(e)(2)

44.     Paragraphs 1-43 are incorporated herein as set forth above.

45.     Under 35 U.S.C. § 271(e)(2), Cipla has infringed at least one claim of the '494

9

patent by submitting, or causing to be submitted to the FDA, ANDA No. 212111 seeking approval for the commercial marketing of Cipla's generic efinaconazole topical solution before the expiration date of the '494 patent.

46. Upon information and belief, Cipla's generic efinaconazole topical solution will, if approved and marketed, infringe, either literally or under the doctrine of equivalents, at least one claim of the '494 patent.

47. Upon information and belief, Cipla will, through the manufacture, use, import, offer for sale, and/or sale of Cipla's generic efinaconazole topical solution, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '494 patent.

48. If Cipla's marketing and sale of its generic efinaconazole topical solution prior to the expiration of the '494 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT IV AGAINST CIPLA

### Declaratory Judgment of Infringement of the '494 Patent

49. Paragraphs 1-48 are incorporated herein as set forth above.

50. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

51. There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

52. Cipla has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Cipla's generic efinaconazole topical solution before the expiration date of the '494 patent, including Cipla's filing of ANDA No.

10

212111.

53.     Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's generic efinaconazole topical solution will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '494 patent.

54.     Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's generic efinaconazole topical solution will constitute infringement of at least one claim of the '494 patent.

## COUNT V AGAINST CIPLA

### Infringement of the '978 Patent under § 271(e)(2)

55.     Paragraphs 1-54 are incorporated herein as set forth above.

56.     Under 35 U.S.C. § 271(e)(2), Cipla has infringed at least one claim of the '978 patent by submitting, or causing to be submitted to the FDA, ANDA No. 212111 seeking approval for the commercial marketing of Cipla's generic efinaconazole topical solution before the expiration date of the '978 patent.

57.     Upon information and belief, Cipla's generic efinaconazole topical solution will, if approved and marketed, infringe, either literally or under the doctrine of equivalents, at least one claim of the '978 patent.

58.     Upon information and belief, Cipla will, through the manufacture, use, import, offer for sale, and/or sale of Cipla's generic efinaconazole topical solution, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '978 patent.

59.     If Cipla's marketing and sale of its generic efinaconazole topical solution prior to the expiration of the '978 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

11

## COUNT VI AGAINST CIPLA

### Declaratory Judgment of Infringement of the '978 Patent

60. Paragraphs 1-59 are incorporated herein as set forth above.

61. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

62. There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

63. Cipla has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Cipla's generic efinaconazole topical solution before the expiration date of the '978 patent, including Cipla's filing of ANDA No. 212111.

64. Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's generic efinaconazole topical solution will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '978 patent.

65. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's generic efinaconazole topical solution will constitute infringement of at least one claim of the '978 patent.

## COUNT VII AGAINST CIPLA

### Infringement of the '009 Patent under § 271(e)(2)

66. Paragraphs 1-65 are incorporated herein as set forth above.

67. Under 35 U.S.C. § 271(e)(2), Cipla has infringed at least one claim of the '009 patent by submitting, or causing to be submitted to the FDA, ANDA No. 212111 seeking approval for the commercial marketing of Cipla's generic efinaconazole topical solution before

12

the expiration date of the '009 patent.

68.     Upon information and belief, Cipla's generic efinaconazole topical solution will, if approved and marketed, infringe, either literally or under the doctrine of equivalents, at least one claim of the '009 patent.

69.     Upon information and belief, Cipla will, through the manufacture, use, import, offer for sale, and/or sale of Cipla's generic efinaconazole topical solution, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '009 patent.

70.     If Cipla's marketing and sale of its generic efinaconazole topical solution prior to the expiration of the '009 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT VIII AGAINST CIPLA

### Declaratory Judgment of Infringement of the '009 Patent

71.     Paragraphs 1-70 are incorporated herein as set forth above.

72.     These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

73.     There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

74.     Cipla has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Cipla's generic efinaconazole topical solution before the expiration date of the '009 patent, including Cipla's filing of ANDA No. 212111.

75.     Upon information and belief, any commercial manufacture, use, offer for sale,

13

sale, and/or importation of Cipla's generic efinaconazole topical solution will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '009 patent.

76. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's generic efinaconazole topical solution will constitute infringement of at least one claim of the '009 patent.

## COUNT IX AGAINST CIPLA

### Infringement of the '272 Patent under § 271(e)(2)

77. Paragraphs 1-76 are incorporated herein as set forth above.

78. Under 35 U.S.C. § 271(e)(2), Cipla has infringed at least one claim of the '272 patent by submitting, or causing to be submitted to the FDA, ANDA No. 212111 seeking approval for the commercial marketing of Cipla's generic efinaconazole topical solution before the expiration date of the '272 patent.

79. Upon information and belief, Cipla's generic efinaconazole topical solution will, if approved and marketed, infringe, either literally or under the doctrine of equivalents, at least one claim of the '272 patent.

80. Upon information and belief, Cipla will, through the manufacture, use, import, offer for sale, and/or sale of Cipla's generic efinaconazole topical solution, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '272 patent.

81. If Cipla's marketing and sale of its generic efinaconazole topical solution prior to the expiration of the '272 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

14

## COUNT X AGAINST CIPLA

### Declaratory Judgment of Infringement of the '272 Patent

82. Paragraphs 1-81 are incorporated herein as set forth above.

83. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

84. There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

85. Cipla has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Cipla's generic efinaconazole topical solution before the expiration date of the '272 patent, including Cipla's filing of ANDA No. 212111.

86. Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's generic efinaconazole topical solution will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '272 patent.

87. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's generic efinaconazole topical solution will constitute infringement of at least one claim of the '272 patent.

## COUNT XI AGAINST CIPLA

### Infringement of the '394 Patent under § 271(e)(2)

88. Paragraphs 1-87 are incorporated herein as set forth above.

89. Under 35 U.S.C. § 271(e)(2), Cipla has infringed at least one claim of the '394 patent by submitting, or causing to be submitted to the FDA, ANDA No. 212111 seeking approval for the commercial marketing of Cipla's generic efinaconazole topical solution before

the expiration date of the '394 patent.

90.    Upon information and belief, Cipla's generic efinaconazole topical solution will, if approved and marketed, infringe, either literally or under the doctrine of equivalents, at least one claim of the '394 patent.

91.    Upon information and belief, Cipla will, through the manufacture, use, import, offer for sale, and/or sale of Cipla's generic efinaconazole topical solution, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '394 patent.

92.    If Cipla's marketing and sale of its generic efinaconazole topical solution prior to the expiration of the '394 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT XII AGAINST CIPLA

### Declaratory Judgment of Infringement of the '394 Patent

93.    Paragraphs 1-92 are incorporated herein as set forth above.

94.    These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

95.    There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

96.    Cipla has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Cipla's generic efinaconazole topical solution before the expiration date of the '394 patent, including Cipla's filing of ANDA No. 212111.

97.    Upon information and belief, any commercial manufacture, use, offer for sale,

16

sale, and/or importation of Cipla's generic efinaconazole topical solution will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '394 patent.

98.     Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's generic efinaconazole topical solution will constitute infringement of at least one claim of the '394 patent.

## COUNT XIII AGAINST CIPLA

### Infringement of the '698 Patent under § 271(e)(2)

99.     Paragraphs 1-98 are incorporated herein as set forth above.

100.    Under 35 U.S.C. § 271(e)(2), Cipla has infringed at least one claim of the '698 patent by submitting, or causing to be submitted to the FDA, ANDA No. 212111 seeking approval for the commercial marketing of Cipla's generic efinaconazole topical solution before the expiration date of the '698 patent.

101.    Upon information and belief, Cipla's generic efinaconazole topical solution will, if approved and marketed, infringe, either literally or under the doctrine of equivalents, at least one claim of the '698 patent.

102.    Upon information and belief, Cipla will, through the manufacture, use, import, offer for sale, and/or sale of Cipla's generic efinaconazole topical solution, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '698 patent.

103.    If Cipla's marketing and sale of its generic efinaconazole topical solution prior to the expiration of the '698 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT XIV AGAINST CIPLA

### Declaratory Judgment of Infringement of the '698 Patent

104.    Paragraphs 1-103 are incorporated herein as set forth above.

17

105. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

106. There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

107. Cipla has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Cipla's generic efinaconazole topical solution before the expiration date of the '698 patent, including Cipla's filing of ANDA No. 212111.

108. Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's generic efinaconazole topical solution will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '698 patent.

109. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's generic efinaconazole topical solution will constitute infringement of at least one claim of the '698 patent.

## COUNT XV AGAINST CIPLA

### Infringement of the '955 Patent under § 271(e)(2)

110. Paragraphs 1-109 are incorporated herein as set forth above.

111. Under 35 U.S.C. § 271(e)(2), Cipla has infringed at least one claim of the '955 patent by submitting, or causing to be submitted to the FDA, ANDA No. 212111 seeking approval for the commercial marketing of Cipla's generic efinaconazole topical solution before the expiration date of the '955 patent.

112. Upon information and belief, Cipla's generic efinaconazole topical solution will,

18

if approved and marketed, infringe, either literally or under the doctrine of equivalents, at least one claim of the '955 patent.

113. Upon information and belief, Cipla will, through the manufacture, use, import, offer for sale, and/or sale of Cipla's generic efinaconazole topical solution, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '955 patent.

114. If Cipla's marketing and sale of its generic efinaconazole topical solution prior to the expiration of the '955 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT XVI AGAINST CIPLA

### Declaratory Judgment of Infringement of the '955 Patent

115. Paragraphs 1-114 are incorporated herein as set forth above.

116. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

117. There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

118. Cipla has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Cipla's generic efinaconazole topical solution before the expiration date of the '955 patent, including Cipla's filing of ANDA No. 212111.

119. Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's generic efinaconazole topical solution will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '955 patent.

120. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's generic efinaconazole topical solution will constitute infringement of at least one claim of the '955 patent.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that the Court enter judgment in their favor and against Cipla on the patent infringement claims set forth above and respectfully request that this Court:

1. enter judgment that, under 35 U.S.C. § 271(e)(2), Cipla has infringed at least one claim of the '506 patent by submitting or causing to be submitted ANDA No. 212111 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Cipla's generic efinaconazole topical solution before the expiration of the '506 patent;

2. enter judgment that, under 35 U.S.C. § 271(e)(2), Cipla has infringed at least one claim of the '494 patent by submitting or causing to be submitted ANDA No. 212111 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Cipla's generic efinaconazole topical solution before the expiration of the '494 patent;

3. enter judgment that, under 35 U.S.C. § 271(e)(2), Cipla has infringed at least one claim of the '978 patent by submitting or causing to be submitted ANDA No. 212111 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Cipla's generic efinaconazole topical solution before the expiration of the '978 patent;

4. enter judgment that, under 35 U.S.C. § 271(e)(2), Cipla has infringed at least one

20

claim of the '009 patent by submitting or causing to be submitted ANDA No. 212111 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Cipla's generic efinaconazole topical solution before the expiration of the '009 patent;

5.      enter judgment that, under 35 U.S.C. § 271(e)(2), Cipla has infringed at least one claim of the '272 patent by submitting or causing to be submitted ANDA No. 212111 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Cipla's generic efinaconazole topical solution before the expiration of the '272 patent;

6.      enter judgment that, under 35 U.S.C. § 271(e)(2), Cipla has infringed at least one claim of the '394 patent by submitting or causing to be submitted ANDA No. 212111 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Cipla's generic efinaconazole topical solution before the expiration of the '394 patent;

7.      enter judgment that, under 35 U.S.C. § 271(e)(2), Cipla has infringed at least one claim of the '698 patent by submitting or causing to be submitted ANDA No. 212111 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Cipla's generic efinaconazole topical solution before the expiration of the '698 patent;

8.      enter judgment that, under 35 U.S.C. § 271(e)(2), Cipla has infringed at least one claim of the '955 patent by submitting or causing to be submitted ANDA No. 212111 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Cipla's generic efinaconazole topical solution before the expiration of the '955

patent;

9.      order that that the effective date of any approval by the FDA of Cipla's generic efinaconazole topical solution be a date that is not earlier than the expiration of the '506 patent, the '494 patent, the '978 patent, the '009 patent, the '272 patent, the '394 patent, the '698 patent, and the '955 patent, or such later date as the Court may determine;

10.     enjoin Cipla from the commercial manufacture, use, import, offer for sale, and/or sale of Cipla's generic efinaconazole topical solution until expiration of the '506 patent, the '494 patent, the '978 patent, the '009 patent, the '272 patent, the '394 patent, the '698 patent, and the '955 patent, or such later date as the Court may determine;

11.     enjoin Cipla and all persons acting in concert with Cipla from seeking, obtaining, or maintaining approval of Cipla's ANDA No. 212111 until expiration of the '506 patent, the '494 patent, the '978 patent, the '009 patent, the '272 patent, the '394 patent, the '698 patent, and the '955 patent;

12.     declare this to be an exceptional case under 35 U.S.C. §§ 285 and 271(e)(4) and award Plaintiffs costs, expenses, and disbursements in this action, including reasonable attorney's fees;

13.     award Plaintiffs such further and additional relief as this Court deems just and proper.

Dated: September 24, 2018          Respectfully submitted,
       Newark, New Jersey

                                   s/ William P. Deni, Jr.
                                   William P. Deni, Jr.
                                   Charles H. Chevalier
                                   J. Brugh Lower
                                   **GIBBONS P.C.**
                                   One Gateway Center
                                   Newark, New Jersey 07102

22

Tel: (973) 596-4500
Fax: (973) 596-0545
wdeni@gibbonslaw.com
cchevalier@gibbonslaw.com
jlower@gibbonslaw.com

*Attorneys for Plaintiffs*

**Of Counsel:**
Thomas P. Steindler (*pro hac vice* to be submitted)
Nicole M. Jantzi (*pro hac vice* to be submitted)
Paul M. Schoenhard (*pro hac vice* to be submitted)
Ian B. Brooks (*pro hac vice* to be submitted)
**MCDERMOTT WILL & EMERY LLP**
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001-1531
(202) 756-8000

Sami Sedghani (*pro hac vice* to be submitted)
**MCDERMOTT WILL & EMERY LLP**
275 Middlefield Road
Suite 100
Menlo Park, CA 94025-4004
(650) 815-7400

*Attorneys for Plaintiffs*
*Valeant Pharmaceuticals North America LLC,*
*Valeant Pharmaceuticals Ireland Ltd., and*
*Dow Pharmaceutical Sciences, Inc.*

John D. Livingstone (*pro hac vice* to be submitted)
**FINNEGAN, HENDERSON,**
**FARABOW, GARRETT & DUNNER, LLP**
271 17th Street, NW
Suite 1400
Atlanta, GA 30363-6209
(404) 653-6400

Naoki Yoshida (*pro hac vice* to be submitted)
**FINNEGAN, HENDERSON,**
**FARABOW, GARRETT & DUNNER, LLP**
33rd Floor, Shiroyama Trust Tower
3-1, Toranomon 4-chome, Minato-ku

23

Tokyo, 105-6033 Japan
+81-3-3431-6943

*Attorneys for Plaintiff*
*Kaken Pharmaceutical Co., Ltd.*

## <u>CERTIFICATION OF NON-ARBITRABILITY</u><br><u>PURSUANT TO LOCAL CIVIL RULE 201.1(d)</u>

Pursuant to Local Civil Rule 201.1(d), the undersigned counsel hereby certifies that this action seeks declaratory and injunctive relief and, therefore, is not subject to mandatory arbitration.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: September 24, 2018         Respectfully submitted,<br>
      Newark, New Jersey

s/ William P. Deni, Jr.
William P. Deni, Jr.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500
Fax: (973) 596-0545
wdeni@gibbonslaw.com

*Attorneys for Plaintiffs*

25